UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN E. GILMORE,

Plaintiff,

v.

WILSHIRE QUINN CAPITAL INC,

Defendant.

Case No. 23-cv-01640-SK

**ORDER GRANTING MOTION TO DISMISS**

Regarding Docket No. 6

This matter comes before the Court upon consideration of the motion by Defendant Wilshire Quinn Capital Inc. ("Defendant") to dismiss the complaint. (Dkt. No. 6.) Having carefully considered the parties' papers, relevant legal authority, and the record in the case, and having had the benefit of oral argument, the Court hereby GRANTS Defendant's motion for the reasons set forth below.

**BACKGROUND**

This action arises out of a dispute between Kevin E. Gilmore ("Plaintiff") and Defendant. The Complaint is thin regarding direct facts. (Dkt. No. 1.) Plaintiff alleged that he is a minority, senior citizen, and homeowner and that Defendant targeted him through a loan or series of mortgage loans. (Dkt. No. 1 at ¶¶ 16, 29, 30.) Plaintiff alleges that Defendant engaged in predatory loan practices that violated the Fair Housing Act ("FHA") by reducing the overall equity of minority borrowers. (Dkt. No. 1 at ¶¶ 58-69.) The Complaint is replete with general allegations about Defendant's actions with very little focused on Defendant's relationship with or actions directed toward Plaintiff.

Plaintiff states that Defendant's predatory lending and servicing practices along with actions of "other industry participants" led to Defendant's taking ownership of both of Plaintiffs' (unidentified) properties. (Dkt. No. 1 at ¶¶ 56-57.) Plaintiff states that, as a result, he has suffered

damage to his credit report after filing bankruptcy, loss of rental income, loss of over $600,000 in equity, loss of living arrangements, emotional distress, and pain and suffering. (Dkt. No. 1. at ¶¶ 12, 57.)

Plaintiff does not discuss the location of his properties, the amount of loans he received, the date or dates he received the loans, or the specific predatory practices Defendant used with him that gave rise to his injuries. The only specific fact regarding Plaintiff's loans that the Court can locate in the complaint is that at some point in time, Defendants decreased one loan from $2,050,000 to $1,700,000. (Dkt. No. 1 at ¶ 30.) Plaintiff does not state when this took place, what the loan was for, whether Plaintiff accepted the change, or what impact this change had. At a hearing on this matter, when the Court asked to clarify the basis of Plaintiff's claim under the FHA, he stated his claim related to issues of clear title on his property – an issue not raised in the Complaint.

Defendant moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and argues that the statute of limitations bars the claims in the Complaint. (Dkt. No. 6.) The Court GRANTS Defendant's motion to dismiss.

## ANALYSIS

### A.     Applicable Legal Standard on Motion to Dismiss.

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. On a motion to dismiss under Rule 12(b)(6), the Court construes the allegations in the complaint in the light most favorable to the non-moving party and takes as true all material allegations in the complaint. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Rather, a plaintiff must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

"The plausibility standard is not akin to a probability requirement, but it asks for more than

a sheer possibility that a defendant has acted unlawfully. . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g. Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Lieche, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

As a general rule, "a district court may not consider material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds, Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). However, documents subject to judicial notice, such as matters of public record, may be considered on a motion to dismiss. *See Harris v. Cnty of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2011). In doing so, the Court does not convert a motion to dismiss to one for summary judgment. *See Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). "The court need not . . . accept as true allegations that contradict matters properly subject to judicial notice . . . ." *Sprewell v. Golden State Warriors*, 266 F. 3d 979, 988 (9th Cir. 2001).

**B.     Defendant's Motion to Dismiss.**

   **1.     Statute of Limitations**

Defendant first argues that Plaintiff's complaint should be dismissed based on the statute of limitations for the Fair Housing Act ("FHA"). Under the FHA, claims must be filed "not later than 2 years after the occurrence of termination of an alleged discriminatory housing practice." 42 U.S.C. § 3613(a)(1)(A). In the Complaint, Plaintiff does not state the date of his loan origination or the dates of any alternations to the loans. Defendant's argument is based on facts outside of the Complaint which the Court cannot accept for this motion. The Court DENIES Defendant's motion on this basis.

   **2.     Failure to State a Claim**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim

showing that the pleader is entitled to relief." To comply with Rule 8, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (citations omitted). While a complaint need not provide detailed factual allegations, it is "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief.'" *Bell v. Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations omitted). Plaintiff must provide more than assert "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, the plaintiff must provide sufficient factual allegations "to state a claim to relief that is plausible on its face." *Id.* at 570. To state a claim, Plaintiff must allege the following information in an amended complaint: (1) the actions by each Defendant that gave rise to Plaintiff's claims; (2) what laws or rights were violated by Defendant's conduct, and (3) how Plaintiff was harmed. It is not clear from the Complaint what claim or claims Plaintiff seeks to assert or how Plaintiff was harmed.

Plaintiff has failed to meet the pleading standard under Rule 8(a)(2). While Plaintiff alleges that he was deprived of properties belonging to him and that Defendant was engaged in a predatory lending scheme in the larger community, he does not allege facts regarding how Defendant's actions gave rise to Plaintiff's claim. The Court cannot determine from the Complaint whether there is a valid claim under the Fair Housing Act. As such, Defendant's motion to dismiss is GRANTED without prejudice.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss. Plaintiff may file an amended complaint by July 14, 2023.

**IT IS SO ORDERED**.

Dated: June 15, 2023

_____
SALLIE KIM
United States Magistrate Judge